UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:15CV-00230-JHM

KARA STANLEY                                                                                              PLAINTIFF

VS.

BAYER HEALTHCARE PHARMACEUTICALS INC.,
BAYER PHARMA AG, AND BAYER OY                                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, Bayer Healthcare Pharmaceuticals Inc., to dismiss certain portions of Plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) [DN 10]. Fully briefed, this matter is ripe for decision.

**I. BACKGROUND**

Plaintiff, Kara Stanley, filed suit against Defendants, Bayer Healthcare Pharmaceuticals Inc., Bayer Pharma AG, and Bayer Oy, for personal injuries suffered as a result of Plaintiff being prescribed and using the product Mirena which is manufactured by Defendants. Mirena is an intrauterine system ("IUS") that is inserted by a healthcare practitioner during an office visit. Mirena is a t-shaped polyethylene frame with a steroid reservoir that releases levonorgestrel ("LNG"), a synthetic progestogen, directly into the uterus for birth control. The Federal Food and Drug Administration approved Mirena in December of 2000. Plaintiff alleges that she had Mirena inserted into her body Dr. Kerrin Dunn at Women's Healthcare of Southern Indiana in May of 2012. Plaintiff claims that on December 22, 2012, she began experiencing severe headaches and vision problems, losing vision in her left eye. Within 48 hours, Plaintiff was diagnosed with bilateral optic nerve swelling (papilledema), most likely due to pseudotumor cerebri ("PTC"). PTC is a potentially permanent brain condition that arises when too much

cerebrospinal fluid in the brain causes increased intracranial pressure and increased pressure on the optic nerve leading to vision problems, and in some cases, blindness. Plaintiff maintains that her Mirena was removed on March 27, 2013. Although her Merina was removed, she has permanent damage to the optic nerve, retinal hemorrhage, and lost forty percent of vision in her left eye due to her PTC. Plaintiff alleges that her injuries were caused and/or triggered by her Mirena.

On March 23, 2015, Plaintiff filed suit asserting claims of negligence, design defect, failure to warn, strict liability, breach of implied warranty, breach of express warranty, negligent misrepresentation, fraudulent misrepresentation, and fraud by suppression and concealment. On May 22, 2015, Defendant, Bayer Healthcare Pharmaceuticals Inc., filed a motion to dismiss the strict liability claim (Count IV), breach of implied warranty claim (Count V), and the negligent misrepresentation claim (Count VII).

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[]," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the complaint "states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls

short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

Defendant moves to dismiss the strict liability claim (Count IV), breach of implied warranty claim (Count V), and the negligent misrepresentation claim (Count VII).

#### A. Strict Liability

Defendant moves to dismiss Plaintiff's strict liability claim. Defendant argues that to the extent this claim is based on a design defect or failure to warn theory, it is duplicative and should be dismissed. "Under Kentucky law, a plaintiff can advance both a strict-liability claim and a negligence claim against the manufacturer of a product for injury suffered by that product." Waltenburg v. St. Jude Medical, Inc., 33 F. Supp. 3d 818, 836 (W.D. Ky. 2014). "Strict liability typically focuses on the condition of the product while a negligence inquiry examines whether the manufacturer exercised the proper degree of care to protect against foreseeable dangers when manufacturing the product for the consumer." Prather v. Abbott Laboratories, 960 F.Supp.2d 700, 712 (W.D. Ky. 2013)(citing Ostendorf v. Clark Equip. Co., 122 S.W.3d 530, 535 (Ky. 2003)). Examining Plaintiff's complaint, it does not appear at this time that these claims are duplicative, and therefore, Defendant's motion to dismiss is denied.

To the extent the strict liability claim is based on a manufacturing defect, Defendant moves to dismiss the manufacturing defect claim arguing that Plaintiff failed to allege any specific manufacturing defect that occurred with her Mirena product. See Bosch v. Bayer Healthcare Pharms. Inc., 13 F. Supp. 3d 730, 744 (W.D. Ky. 2014). Plaintiff represents that she

3

is not making a manufacturing defect claim. Therefore, Defendant's motion to dismiss the manufacturing defect claim is moot.

### B. Implied Warranty Claim

Defendant argues that Plaintiff's breach of implied warranty cause of action fails as a matter of law because privity of contract is an essential element to breach of warranty claims. Pruitt v. Genie Indus., Inc., 2013 WL 139701, *3 (E.D. Ky. Jan. 10, 2013). Defendant maintains that Plaintiff has not – and cannot – allege that she purchased Mirena directly from Bayer. In fact, Plaintiff in her complaint admits that Mirena was inserted by a healthcare practitioner during an office visit. Plaintiff failed to respond to Defendant's argument with respect to the implied warranty claim, and therefore, the motion to dismiss the implied warranty claim is granted.

### C. Negligent Misrepresentation Claim

Defendant also asserts that the Plaintiff's negligent misrepresentation claim is not viable because it is inappropriate in the context of product liability claims. Relying upon Restatement (Second) of Torts § 552[1], Defendant maintains that Kentucky law limits negligent misrepresentation claims to instances where a party is in the business of supplying "false information for the guidance of others in their business transactions." Our Lady of Bellefonte Hosp., Inc. v. Tri–State Physicians Network, Inc., 2007 WL 2903231, *7 (E.D. Ky. Sept. 27, 2007); Presnell Construction Managers, Inc., v. EH Construction, LLC, 134 S.W.3d 575 (Ky. 2004). Defendant contends that a negligent misrepresentation claim does not encompass

---

[1] Section 552 of the Restatement (Second) of Torts (1977) which provides in pertinent part:
One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

instances involving "a defective product and statements in its advertising and packaging." Baird v. Bayer Healthcare Pharms., Inc., 2013 WL 5890253 (E.D. Ky. Oct. 31, 2013)); Bland v. Abbott Labs., Inc., 2012 WL 524473, *2 (W.D. Ky. Feb. 16, 2012). See also Gaunce v. CL Medical Inc., 2015 WL 893569, *3 (E.D. Ky. March 2, 2015). In Baird, plaintiffs maintained that their allegations that Abbott's marketing and packaging contained false statements sufficient to state a claim for negligent misrepresentation. Relying on the language of the Restatement (Second) of Torts § 552, Presnell, and Giddings & Lewis v. Industrial Risk Insurers, 348 S.W.3d 729, 745 (Ky. 2011), the district court held that:

> Plaintiffs identify no Kentucky case recognizing a negligent misrepresentation claim based on a defective product and statements in its advertising and packaging. Indeed, the Kentucky Supreme Court has noted "the language of Section 552 is poorly suited to a product sale." [Giddings, 348 S.W.3d] at 746. The true injury in such cases is "the failure of the product to function properly," not reliance on false information. Id., at 745 (quoting Miller's Bottled Gas, Inc. v. Borg–Warner Corp., 955 F.2d 1043, 1054 (6th Cir. 1992) (anticipating Kentucky law would not recognize a negligent misrepresentation claim in a commercial product sale). This Court declines any invitation to extend the negligent misrepresentation cause of action beyond its present limits set by the Kentucky Supreme Court.

Baird, 2012 WL 524473, *2. Based on this case law, Defendant argues that where a products liability suit involves personal injury, Kentucky does not recognize a claim for negligent misrepresentation, and, as a result, dismissal of this claim is appropriate.

The Court disagrees. A review of the Kentucky Supreme Court opinion in Giddings & Lewis, Inc. v. Industrial Risk Insurers, 348 S.W.3d 729 (Ky. 2011) and the Sixth Circuit opinion in Morris Aviation, LLC v. Diamond Aircraft Industries, Inc., 536 Fed. Appx. 558 (6th Cir. 2013) suggests that in a product sale case, the Kentucky Supreme Court now applies a different

5

section of the restatement than Restatement (Second) of Torts § 552 on which the cases cited by Defendant are based. Specifically, the Kentucky Supreme Court in Giddings held:

> While a negligent misrepresentation claim obviously was recognized several years later in Kentucky in Presnell Construction, it was not in the context of a sale of a commercial product but in the context of construction services where the parties to the dispute had no contractual relationship. Indeed, the language of Section 552 is poorly suited to a product sale. While Section 9 of the Restatement (Third) of Torts now specifically provides for a negligent misrepresentation claim in the context of a sale of a defective product, significantly, the Restatement adheres to the approach we adopt today—the tort claim is for recovery of damages to persons or other property, not damages to the product itself or other forms of economic loss.

Giddings, 348 S.W.3d at 746. Similarly, the Sixth Circuit in Morris recognized that the Kentucky Supreme Court adopted Restatement (Third) of Torts § 9 for negligent misrepresentation claims associated with the sale of a product:

> The awkward fit of certain cases with the language of § 552 is a possibility that the Kentucky Supreme Court has recognized after Presnell: "Section 552 is poorly suited to a product sale." Giddings, 348 S.W.3d at 746. Instead, in product-sale cases, the court has called for application of a different section of the Restatement, which provides that: "One engaged in the business of selling or otherwise distributing products who, in connection with the sale of a product, makes a fraudulent, negligent, or innocent misrepresentation of material fact concerning the product is subject to liability for harm to persons or property caused by the misrepresentation."

Morris, 536 Fed. Appx. at 567-568 (quoting Giddings, 348 S.W.3d at 746 n. 11 (quoting Restatement (Third) of Torts: Products Liability § 9 "Liability of Commercial Product Seller or Distributor for Harm Caused by Misrepresentation")).

Accordingly, with the adoption of the Restatement (Third) of Torts § 9, Kentucky law provides for negligent misrepresentation claims associated with the sale of a product. For these reasons, Defendant's motion to dismiss Count VII is denied.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that motion by Defendant, Bayer Healthcare Pharmaceuticals Inc., to dismiss certain portions of Plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) [DN 10] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's breach of implied warranty claim (Count V) against Bayer Healthcare Pharmaceuticals Inc. is dismissed consistent with this opinion.

cc: counsel of record

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

July 23, 2015